### FARRELL v. DALZELL et al.

*(Supreme Court, Special Term, New York County. January 18, 1889.)*

ASSOCIATION—MEMBERS AND OFFICERS—UNITING WITH SIMILAR ASSOCIATION.

The fact that officers and members of an unincorporated association, as individuals, unite with an association of a similar character does not vacate their offices or forfeit their membership in the former association, in the absence of a provision in its constitution forbidding them to unite with the second association, and the fact that the constitution or rules of the second association forbids its members to become or continue members of any other local organization does not affect their relations to the first association.

At chambers. On motion to continue injunction.

Action by William J. Farrell, as president lodge No. 2, United Order of American Carpenters & Joiners, and individually, against James Dalzell, Thomas J. Brennan, Peter Becker, Orni Southworth, James Ledwith, John Kipp, and Harlem Savings Bank. The facts are similar to those in *Farrell* v. *Cook, ante,* 727.

*John Delahunty,* for plaintiff.　*Charles Steckler,* for defendants.

ANDREWS, J. Lodge No. 2 of the United Order of American Carpenters & Joiners is an unincorporated association, and there is no dispute but that, prior to November 27, 1888, the plaintiff and the individuals who are made defendants, together with others, numbering in all about 300 persons, were members of said lodge. About that time the defendants and many others joined an organization called the United Brotherhood of Carpenters & Joiners of America. Thereupon the plaintiff and a few others, who had not joined the United Brotherhood, claimed that the defendants and all those who had joined the United Brotherhood had thereby ceased to be members and officers of said lodge No. 2, and proceeded to hold a meeting at which they went through the form of electing the plaintiff president of said lodge No. 2. The defendants do not deny that they joined the United Brotherhood as individuals, but claim that they had a right to do so. They also insist that they never have claimed that said lodge No. 2 was dissolved, and they deny that they have ever ceased to be members of said lodge. So far as this motion involves questions of facts, the weight of evidence is overwhelmingly in favor of the defendants. The affidavits of the plaintiff and eight others are met by the affidavits of over 250 members, who side with the defendants.

Upon the evidence before me I must hold that, although the defendants and many other members joined the United Brotherhood, said lodge No. 2 was not thereby dissolved, nor did the defendants cease to be officers or members of that lodge; and that the defendants do not intend to turn over the funds of said lodge No. 2 to the local organization of the United Brotherhood, which they have joined. So far as the motion involves a question of law, there is

no provision in the constitution of said lodge No. 2 which declares that no member shall belong to any other association of a similar character. If the constitution of the United Brotherhood does contain such a provision, that might furnish a ground for the expulsion of the defendants from the United Brotherhood, but it would not have any effect upon the relations between the defendant and lodge No. 2.

An objection is also raised on behalf of the defendants as to the right of the plaintiff to maintain this action. An affidavit is submitted showing that he has not paid his dues as a member of lodge No. 2 since October, 1888, and it is claimed that he, for that reason, has ceased to be a member of said lodge. Moreover, it is asserted that he withdrew from lodge No. 2, with a few others, and formed a new lodge No. 2, having a seal different from that of the old lodge. These objections certainly raise a serious question as to the right of the plaintiff to maintain this action, but it is not necessary for the decision of this motion to pass upon it. It appears by over 250 affidavits, which have been submitted to me, that the course taken by the defendants is sustained by nearly all of the 300 members of the lodge, while only about 8 or 10 sustain the plaintiff's claim. Under these circumstances, I think that the motion to continue the injunction should be denied, with $10 costs, to abide the event, both because the allegations of facts contained in the moving papers which are material to this motion are disproved, and because, as matter of law, the defendants have not ceased to be members and officers of lodge No. 2.